UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAMON FLORES ARROYO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-05027-KES

ORDER DISMISSING THE PETITION AS MOOT

Ramon Flores Arroyo ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 9.) For the reasons discussed below, the Petition is dismissed as moot.

**I. PROCEDURAL HISTORY**

**A. Detention by ICE and Challenges to Removal Order.**

Petitioner was detained by ICE on July 7, 2026. (Pet. at 6 ¶ 10; id. at 18, ¶ 38.) The next day, on July 8, 2026, Petitioner filed a petition for review and

motion to stay removal in the Ninth Circuit. (Pet. at 17, ¶ 36); see Flores Arroyo v. Blanche, No. 26-4349 (9th Cir.). Under Ninth Circuit General Order 6.4, the Ninth Circuit temporarily stayed his removal on July 9, 2026. Id., Dkt. 5.

On July 29, 2026, Petitioner also filed a motion to reopen with the Board of Immigration Appeals ("BIA"), which remains pending. Executive Office for Immigration Review ("EOIR"), Automated Case Information, https://acis.eoir.justice.gov/en/ (A# 079-530-225 (Mexico), last accessed Sept. 28, 2026). Petitioner seeks to reopen his removal proceedings "to litigate cancellation of removal based in substantial part upon the hardship to his United States citizen daughter." (Pet. at 17, ¶ 37.)

**B. Successful Habeas Petition and Bond Hearing.**

On July 30, 2026, Petitioner filed a prior habeas case in this Court, in which he successfully argued that he was not properly classified as an "applicant for admission" who could be held without bond under 8 U.S.C. § 1225(b)(2). On August 12, 2026, the Court ordered the government to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. Flores Arroyo v. Mullin, No. 5:26-cv-04263-KES, 2026 WL 2337883 (C.D. Cal. Aug. 12, 2026).

The bond hearing was held before an immigration judge ("IJ") on August 18, 2026, and the IJ denied bond on the grounds that Petitioner was a flight risk. (Dkt. 1-2 (order denying bond); Dkt. 11-1 (transcript of hearing).)

**C. Present Habeas Proceedings.**

The present Petition, which was filed on September 1, 2026, challenged the result of the August 18th bond hearing. (See Pet. at 2-3, ¶ 4.) The Petition argued that: (1) the IJ violated Petitioner's Fifth Amendment due process rights because the IJ's order "failed to provide a constitutionally adequate individualized justification" for his detention (id. at 48-49); (2) the IJ's order was an "abuse of discretion and legal error" (id. at 49-50); (3) Petitioner's detention violated due process because it was "arbitrary and excessive in relation to the government's

regulatory purpose" (id. at 50-51); and (4) immediate release from custody, rather than a new bond hearing, was the appropriate remedy (id. at 51-52).

Respondents answered the Petition on September 10, 2026. (Dkt. 8.) They argued that: (a) Petitioner's claims were barred by the "abuse-of-the-writ doctrine" (id. at 2-3); (b) Petitioner had not exhausted his administrative remedies by appealing the IJ's order to the BIA (id. at 4-5); and (c) this Court "should not reweigh the evidence considered by the IJ at the bond hearing" (id. at 5-7).

Petitioner's deadline to file a Reply passed on September 14, 2026 (see Dkt. 5), and Petitioner did not file one.

On September 18, 2026, at the Court's request, Respondents filed a transcript of the challenged bond hearing before the IJ. (Dkt. 11-1.) On September 21, 2026, again at the Court's request, Respondents filed a status report confirming that Petitioner remained in ICE custody (Dkt. 13), even though at that time the online ICE locator website did not show him as in custody.[1]

On September 21, 2026, the Ninth Circuit granted Petitioner's request to voluntarily dismiss his appeal and issued its mandate. Flores Arroyo, No. 26-4349, Dkt. 19. This dissolved the automatic stay of removal.

On September 24, 2026, pursuant to General Order 26-05, Respondents filed a notice stating that Petitioner was "scheduled for transfer outside the Central District of California on or after 9/29/26 to effectuate [his] removal to Mexico," his country of origin. (Dkt. 14-1.)[2]

---

[1] The ICE Online Detainee Locator System now reflects that Petitioner remains in custody in Adelanto, California. https://locator.ice.gov/odls/#/search (A# 079-530-225 (Mexico), last accessed Sept. 28, 2026)

[2] General Order 26-05 provides, "During the pendency of these proceedings, Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California." (Dkt. 5 at 2, ¶ 6.)

On September 25, 2026, Petitioner filed a response to this notice. (Dkt. 15.) Petitioner admits that, due to the dismissal of his Ninth Circuit case, his removal is no longer stayed, and his motion to reopen with the BIA does not prevent DHS from removing him to Mexico. (Id. at 2-3.) He states that he not seeking "judicial permission to remain in the" U.S. and "does not ask this Court to stay removal while the BIA considers his motion to reopen" (Id. at 3-4, 7.)

He alleges that the "termination of Petitioner's Ninth Circuit proceeding may have altered the statutory source of his present detention." (Id. at 4.) He "requests that, before the Court resolves this action on mootness or the merits, Respondents be required promptly to identify the statutory authority under which they contend Petitioner is detained today, including whether they now contend his custody is governed by 8 U.S.C. § 1231(a), when they contend the removal period commenced, and what consequence they contend that transition has for the claims and relief presently before this Court." (Id. at 4.) He argues that Respondents should have to specify: (a) the "precise date on which they contend the statutory removal period commenced"; (b) "whether Respondents contend that the September 21 change renders the pending Petition, or any claim or form of relief therein, moot"; (c) "whether Respondents contend the August 18 custody decision continues to provide any present legal basis for detention"; and (d) "what effect, if any, Respondents contend a grant of the pending BIA stay or Motion to Reopen would have upon the statutory detention framework." (Id. at 14.) Petitioner requests "an expedited determination of these issues" prior to Petitioner's transfer on September 29th. (Id. at 4.)

## II. LEGAL BACKGROUND

### A. § 1226(a): Detention While Removal Proceedings Are Pending.

8 U.S.C. § 1226(a) "authorizes the federal government to detain aliens *pending the completion* of their removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022) (emphasis added). Detention is not

mandatory; the government may either detain the noncitizen or release them on bond or conditional parole. Id. at 1196 (citing 8 U.S.C. § 1226(a)(1)-(2)). "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final." Id. at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19).

**B. § 1231: Detention After Removal Proceedings Are Complete.**

Once "a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" Thai v. Ashcroft, 366 F.3d 790, 793 (9th Cir. 2004) (citation omitted); 8 U.S.C. § 1231(a)(1)(A). During this removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2); see also Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004) (upholding constitutionality of mandatory detention during the removal period). The Immigration and Nationality Act ("INA") states that the removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final;
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B); Prieto-Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008) ("The statute makes clear that when a court of appeals issues a stay of removal pending its decision on an alien's petition for review of his removal order, the removal period begins only after the court denies the petition and withdraws the stay of removal.").

Where removal cannot be accomplished within the 90-day removal period, continued detention is authorized by 8 U.S.C. § 1231(a)(6), but it is not mandatory.

Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022). "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Id. at 578-79 (quoting 8 U.S.C. § 1231(a)(6)); see also 8 CFR § 241.4 (establishing procedures DHS must follow to impose continued detention). "Continued detention under this provision creates the 'post-removal period.'" Johnson v. Guzman Chavez, 594 U.S. 523, 528-29 (2021).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the government to detain a noncitizen awaiting removal "indefinitely" beyond the statutory 90-day removal period. 533 U.S. at 689. Rather, the Supreme Court construed the statute to contain an implicit "reasonable time" limitation. Id. at 682. The Court held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. at 682, 689. The Court determined that six months was a presumptively reasonable period of detention. Id. at 701.

Unlike a noncitizen detained under § 1226(a)—pending completion of their removal proceedings—a noncitizen detained under § 1231(a)(6)—after completion of their removal proceedings—has no statutory right to a bond hearing. Johnson v. Arteaga-Martinez, 596 U.S. 573, 580 (2022). "[I]t remains undetermined whether the Due Process Clause requires additional bond procedures" under 8 U.S.C. § 1231. Rodriguez Diaz, 53 F.4th at 1201. "Courts in the Ninth Circuit have taken a variety of approaches to determine whether due process requires a bond hearing in a particular immigration detention case." Hilario M.R. v. Warden, Mesa Verde Det. Ctr., No. 24-cv-00998, 2025 WL 1158841, at *6 (E.D. Cal. Apr. 21, 2025) (collecting cases). Some courts apply a bright-line rule that detention

becomes "prolonged" after six months, entitling the noncitizen to a bond hearing. Id. Others apply a multi-pronged test, weighing factors such as the total length of detention, the conditions of detention, and the cause of the delays in removal. Id.

## III. DISCUSSION

When Petitioner filed the initial Petition, he was being detained under § 1226(a), because he had a pending petition for review in the Ninth Circuit challenging his removal order. He has now voluntarily dismissed that petition. This means that his current detention is now governed by § 1231.

This change moots the claims raised in the initial Petition, which challenged the IJ's findings under § 1226(a). Petitioner now has no statutory entitlement to a bond hearing, because he is either within the removal period (during which detention is mandatory) or the post-removal period (during which the Supreme Court has held that no bond hearing is statutorily authorized). Whether he currently falls within the removal or post-removal period, and whether he would be entitled to another bond hearing as a matter of due process, are entirely different claims that have not been briefed by the parties. In light of Petitioner's imminent removal to Mexico (according to Respondents), any such claim is better addressed (if at all) in a new habeas petition that could address the significantly altered factual record.

As Petitioner admits that he has no grounds to ask for a stay of removal, the Court sees no reason to stay Petitioner's transfer out of this District to effectuate that removal.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the Petition (Dkt. 1) is dismissed as moot.

DATED: September 28, 2026

Karen E. Scott

KAREN E. SCOTT